NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIA SANDRA FERNANDEZ DE IGLESIAS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5089

---

Appeal from the United States Court of Federal Claims in No. 08-CV-0464, Senior Judge Bohdan A. Futey.

---

Decided: October 10, 2013

---

MARIA SANDRA FERNANDEZ DE IGLESIAS, of El Paso, Texas, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before LOURIE, DYK, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Maria Sandra Fernandez de Iglesias appeals the decision of the United States Court of Federal Claims ("Claims Court") granting partial summary judgment to the government in her suit for unpaid rent on a property in Mexico. *Fernandez de Iglesias v. United States*, 96 Fed. Cl. 352 (2010). Although the Claims Court entered final judgment in Fernandez de Iglesias' favor, awarding rental amounts as provided in the lease, it rejected most of her claims for increased damages above the rental rate provided in the lease and for interest. We *affirm*.

## BACKGROUND

Fernandez de Iglesias is the owner of a residential property located in Ciudad Juarez, Chihuahua, Mexico. From October 1997 until February 2004, Fernandez de Iglesias and the government had a formal lease under which the government paid Fernandez de Iglesias $1800 per month in exchange for use of the property, which served as a residence for personnel assigned to the U.S. Consulate in Juarez. After the lease expired in February 2004, the government occupied the property for approximately 45 days without a formal agreement, and it subsequently paid rent for this period at the lease rate of $1800 per month. When it vacated the property, the government did not return the keys to the residence. It did not return the keys until October 2007.

In 2008, Fernandez de Iglesias filed suit in the Claims Court seeking rent on the property from the date the government vacated the property until the date it returned the keys. In addition to the base rental rate of $1800 per month, Fernandez de Iglesias also sought multiple statutory rent increases under Mexican law, a

single increase based on the square footage of the residence, which allegedly exceeded the square footage stated in the lease, pre- and post-judgment interest as provided by Mexican law, and unpaid utilities.

After discovery, the government moved for summary judgment on all of Fernandez de Iglesias' claims except base rent and unpaid utilities. The Claims Court granted the motion in part. The Claims Court agreed with the government that Fernandez de Iglesias was entitled to neither a rent increase based on the square footage of the residence nor pre- and post-judgment interest, and it rejected those claims. The court also rejected Fernandez de Iglesias' claim for multiple statutory rent increases, but it reserved the question whether a single statutory increase was warranted under the facts of the case.

After further discovery, the government conceded that it was liable to Fernandez de Iglesias for base rent until it returned the keys in October 2007, but it continued to dispute that Fernandez de Iglesias was entitled to either a statutory rent increase or unpaid utilities for that period. The government moved for summary judgment on these remaining claims. The Claims Court largely agreed with the government and awarded Fernandez de Iglesias only $75,600 in rent for the period in question, $7560 for a single statutory rent increase of ten percent, and $485.59 in unpaid utilities.

Fernandez de Iglesias timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Fernandez de Iglesias argues that the Claims Court erred in rejecting her increased-rent and interest claims. We review the Claims Court's grant of summary judgment de novo. *Adams v. United States*, 471 F.3d 1321, 1324 (Fed. Cir. 2006). To the extent that the Claims Court's decision turned on interpretation of the contract

or determination of foreign law, we review those questions of law de novo as well. *Greenbrier v. United States*, 193 F.3d 1348, 1354 (Fed Cir. 1999) (contract interpretation); *Guardian Indus. Corp. v. United States*, 477 F.3d 1368, 1371 (Fed. Cir. 2007) (foreign law).

Fernandez de Iglesias first argues that she was entitled to multiple statutory rent increases under a provision of the Civil Code of Chihuahua, Mexico. That provision states:

> In the leasing of real property for a defined period, a tenant who is up to date in payment of rents shall be entitled to extend the lease for a term equal to the term in the contract if the tenant so requests before the expiration of the stipulated term, but such extension may not exceed one year. In such case, the lessor may increase the prior rent by up to ten percent, provided rent has not been increased within the last three months.

Código Civil del Estado de Chihuahua [CCC] [Civil Code of Chihuahua], art. 2384, Periódico Oficial del Estado [POE], 23 de Marzo de 1974 (Mex.) [hereinafter Article 2384]. Fernandez de Iglesias contends that this provision entitles her to a ten percent increase in rent for every four months that the government retained the keys.

Based on the text of the provision and expert testimony presented by the parties, the Claims Court concluded that Fernandez de Iglesias was entitled to a single ten percent increase at most. We agree.[1]

---

[1]    The lease provided that "[t]he terms of this lease shall be construed in accordance with the local laws governing the site of the premises leased hereunder." *Fernandez de Iglesias*, 96 Fed. Cl. at 355. Because the government does not argue otherwise, we assume without

Fernandez de Iglesias also seeks a rent increase based on the square footage of the property, which allegedly exceeds the square footage stated in the lease. Fernandez de Iglesias cites no provision in the contract or incorporated Mexican law for the award of a corresponding increase in rent pursuant to the contract. At most, she relies on testimony from her Mexican legal expert that a Mexican court "would have probably granted" a corresponding *decrease* in rent to a tenant whose lease overstated the property's size. *Fernandez de Iglesias*, 96 Fed. Cl. at 360. But she cites no case where the converse relief was granted to a landlord, who is by definition familiar with the property being rented. Moreover, the lease gives no indication that the amount of rent was based on the square footage of the property, and Fernandez de Iglesias accepted the agreed-upon rent for six years without complaint, thus negating any condition in the contract that could allow for greater recovery. We agree with the Claims Court that "no law supports [Fernandez de Iglesias'] position." *Id.* at 361.

Finally, Fernandez de Iglesias seeks 18 percent pre- and post-judgment interest under Mexican law. We agree with the Claims Court, however, that pre- and post-judgment interest here must be governed by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 7101–09, not Mexican

---

deciding that this choice-of-law provision is broad enough to effectively incorporate Article 2384 into the contract, as Fernandez de Iglesias and the Claims Court assumed. If Article 2384 were not incorporated into the contract, it is difficult to see how it could be relied on to recover additional sums from the government. Foreign law provisions not incorporated in the contract are not enforceable in the Claims Court. The Claims Court properly denied leave to amend the complaint to add claims under Mexican federal criminal law. *Fernandez de Iglesias*, 96 Fed. Cl. at 362.

law. The general rule is that the United States is not liable for pre- or post-judgment interest: "Interest on a claim against the United States shall be allowed on a judgment of the [Claims Court] only under a contract or Act of Congress expressly providing for payment thereof." 28 U.S.C. § 2516(a). Although the contract here stated it was to be construed in accordance with Mexican law, it did not incorporate Mexican law provisions governing interest. The terms of the lease here provide that "[t]he TENANT shall pay interest . . . as provided in the [CDA]." *Fernandez de Iglesias*, 96 Fed. Cl. at 361 (alteration in original). Thus, only CDA interest is available. We therefore conclude that the Claims Court correctly denied pre- and post-judgment interest.

In sum, we agree with the Claims Court that Fernandez was not entitled to (1) multiple ten percent rent increases, (2) a rent increase based on square footage, or (3) pre- and post-judgment interest. We conclude that the Claims Court did not err in granting summary judgment to the government on these issues.

Fernandez de Iglesias also challenges a number of the Claims Court's other rulings. We have reviewed her contentions and find them lacking in merit.

## AFFIRMED

### COSTS

Costs to the United States.